The court is going to take a brief recess after this argument in the third case. So our third case of the morning is appeal number 22-2805, the United States v. Arthur Miles. Mr. Akiti, good morning, nice to see you. May I be permitted to begin? Yes, go right ahead. My name is Will Akiti and I represent the appellant, Arthur Miles. Please be advised I would like to reserve three minutes for my rebuttal. Mr. Miles is respectfully requesting that this court vacate his two convictions under 18 U.S.C. 922 G1, counts 3 and 4, as well as his sentence and remand for further proceedings. Mr. Miles' convictions for both counts 3 and 4 are multiplicitous, therefore violating double jeopardy. The standard review here is plain error. When determining whether the same act or transaction constitutes multiple violations, courts must determine the allowable unit of prosecution under the statute. This court concluded that the unit of prosecution under 922 G1 was the act of possession and not the number of firearms possessed. Mr. Akiti, it seems just in the interest of you using your time effectively, it seems you guys both agree on this. Both sides agree on this, that there is a multiplicity problem on the two 922 G questions. So I think the only area of disagreement, correct me if I'm wrong though, is on whether there should be a remand for full resentencing here. That's correct, Your Honor, and we assert that there should be a remand for full resentencing. Okay, maybe it's up to you, but maybe you want to focus your time there because I think Mr. Reitz is going to tell us he agrees that that second 922 G, the conviction should be merged into a single conviction. Yes, Your Honor, and we ask that there be a remand for full resentencing as there were statements made during the sentencing in reference to armed trafficking, career criminal, or I apologize, not career criminal, armed trafficking. We believe that the fact that Mr. Miles was alleged to be armed in the two counts do paint a picture of a more severe offender here. We ask that it be remanded to allow that to be remedied. In regards to our second argument, Mr. Miles' sentence is substantially unreasonable in light of his physical health issues. Challenges to a sentence's substantive unreasonableness are reviewed for abuse of discretion. Under 18 U.S.C. 3553 A2D, the sentence imposed must ensure that needed medical care is provided in the most effective manner. Further, under U.S.S.G. 5H1.4, the commission recognized that physical condition may be Here, Mr. Miles has end-stage renal disease and has been on dialysis since 2014, going to dialysis up to three times a week, further suffering from kidney failure. As Mr. Miles is incarcerated, he can no longer be on the kidney transplant list. Mr. Miles additionally suffers from high blood pressure, gout, and anemia. Considering Mr. Miles' physical health condition, the 240-month sentence imposed by the district court certainly does not help him receive medical care in the most effective manner. The third argument that we raised before this tribunal, your honors, Mr. Miles was convicted under an unconstitutional statute, 18 U.S.C. 922 G1. Now as it was not raised in the lower court, the standard review is plain error. Under New York State Rifle and Pistol Association v. Bruin, there's a two-step analysis. Courts must determine whether the Second Amendment's plain text covers an individual's conduct. If so, the government must justify its regulation by demonstrating that it's consistent with the nation's historical tradition of firearm regulation. Applying the Bruin framework, the Fifth Circuit found that in Rahimi, possession of a pistol and rifle fell within the purview of the Second Amendment, and found that when viewed through the lens of Bruin, the government failed to demonstrate its restriction of the Second Amendment right within our nation's, the restriction of the Second Amendment right fit within our nation's historical tradition of firearm regulation. In that case, specifically, it was 922 G8, which had a ban on possession, but when we assert that 922 G1 is still an outlier, their ancestors would have never anticipated. Under the same approach, the government cannot justify 922 G1 by demonstrating that it is consistent with the nation's historical tradition of firearm regulation, and if they cannot, it's unconstitutional. Lastly, the court below erred in denying Mr. Miles' motion to suppress, as probable cause for the warrant did not exist, nor was the warrant sufficiently particular. The standard review here is de novo. One affidavit must provide the issuing judge with a substantial basis for determining probable cause exists, conclusory statements in an affidavit do not meet the requirement of a At trial in the lower court, TFO Clinton James' conclusory statement in the affidavit that law enforcement subsequently learned that Doreen's source of supply was the residence does not meet the requirement of a substantial basis for existence of probable cause. I thought that, I thought that the affidavit supporting the search warrant said that there were two controlled buys. One happened in February of 19 and the other happened in April of 19 out of that home on Browse Avenue. I mean, that, it just seems, that seems like a very typical, you know, foundation for an application for a search warrant to search what the authorities here thought was a stash house. Thank you for that question, Your Honor. My understanding is that the transactions took place at a gas station. I'm not sure. And what are you relying upon for that?  So, your understanding was that the court authorized a search of the Browse Avenue residence even though the Browse Avenue residence played no role in the fact pattern? My understanding, Your Honor, and I'm referencing page 21 of our brief, that the investigation was of Christopher Doreen. Law enforcement conducted two controlled purchases. However, at neither controlled purchase did the CS enter the target residence or purchase drugs from inside the residence. So I stand corrected. But, in fact, I thought what happened is there was a meeting, there were meetings at a gas station or some other place. They drove to the Browse Avenue residence. Couple people went inside, came out, and drug, and at least according to what was advanced in the application for the search warrant is that there was, you know, there were drugs obtained within the house or reason to believe that and then they were passed in a car. My understanding is that neither CS nor law enforcement observed any drug deals at the target residence. While Mr. Doreen went to target residence during the course of the controlled purchase. No, because people went inside. My understanding is that CS did not go inside, Your Honor. Okay. Anyway. All right. Additionally, Your Honor, the warrant was impermissibly overbroad as the warrant gave sweeping authorization to search any vehicles at said premises. This is exactly the wide range exploratory search the framers intend to prohibit with  The warrant could have utilized limiting language, Your Honor. Conclusion, the, my conclusion here would be that the generic and undifferentiated warrant should not be upheld. The district court erred in denying Mr. Miles' motion to suppress. For these reasons, Your Honor, we ask that the convictions for counts three and four be remanded to lower, vacated, and the sentence be remanded to lower court. Okay. Very well. Mr. Reitz, good morning. May it please the court. Brian Reitz for the United States. Two quick points before I move on to the 922G1 constitutionality issue. First on the full remand or resentencing, Mr. Miles claims that whether one or two there is an issue at sentencing, whether he was armed, well, whether he has one or two 922G1 counts, he was, in fact, armed, so that doesn't change anything about the need for a full remand. Two, Judge Scudder, I think your understanding of the search warrant and the facts leading to the search warrant was correct that Doreen and the CS met at a gas station and they traveled to this residence and then after that, Doreen came out and provided drugs to the CS. I think that is entirely typical and in line with the- And then law enforcement interviewed the CS, they searched him beforehand, et cetera, et cetera. Yeah. Which seems like a very, I mean, we see it all the time. Yeah, I think this is a completely typical search warrant probable cause based on that. Beyond that, I want to move to 922G. I think though unmentioned, my suspicion is that this case is under sort of the cloud of Atkinson when this court remanded for factual finding, but there are procedural and substantive differences here unlike remand that countenance against remand in this particular case. Starting with three procedural differences, one, Atkinson preserved the issue, so review was de novo. Here, Miles forfeited review, so it's plain error. Two, the parties in Atkinson's briefing did not grapple with the historical foundation. Here we, I mean, whatever one thinks about our historical foundation in a brief, we did grapple with it and Mr. Miles did not. With that, I want to quote, and I know this is rare, but from Bruin, and this is at page 231 at footnote six, in Bruin, the court said, because of our adversarial system, courts are, quote, entitled to decide a case based on historical record compiled by the parties. And here, if you compare the historical record compiled by the parties, there is some record that we've established and nothing on the historical foundation that Miles has established. Third procedural difference, Atkinson raised a civil claim challenging the constitutionality of 922G, so avoiding that issue was not particularly feasible. Here, this is a criminal case and there are reasons the court can avoid the issue. Besides the forfeiture, Mr. Miles received concurrent terms on the gun count, so they don't actually impact his overall sentence. So that's at least three procedural differences from Atkinson. And I want to talk about two substantive differences, that being the crime committed and the continuing criminality. So Atkinson committed, just like Range in the Third Circuit, committed a fraud based offense, where Mr. Miles committed a drug dealing offense and also has a particularly violent criminal recklessness offense. So while courts have debated violent or dangerous as a reason to categorically disarm felons, Mr. Miles falls within that category either way. And then third, the Supreme Court has used the term law-abiding a number of times. Both Atkinson and Range essentially had clean records after the conviction at issue, where Mr. Miles has, I think, eight felonies, nine misdemeanors, and committed this offense while on release from the court. So Mr. Miles is in no way a law-abiding citizen. So for those reasons, we think this case is much different than Atkinson, and the court need not remand. If the court has no further questions, we'd be happy to rest and unbrief. Okay. Very well. Thank you. Thanks to you, Mr. Wright. Mr. Akiti, you want to, we'll give you, you've got some time left. Any arguments in rebuttal or parting thoughts you want to convey, you're welcome to do so. Just parting thoughts in terms of, Your Honor, we do stand behind the arguments as raised in our brief. Additionally, we do ask that you vacate the convictions for count three and four and remand the sentence to be done in a manner consistent with this court's findings. I don't mean to get nitpicky with your words there. I don't think you're, I'm not understanding you to say vacate both convictions. I think what you argued is that there's a multiplicity problem with allowing two of the convictions. In other words, he should have been convicted once under 922G, but not twice. Yes, Your Honor. Right. So, therefore, we wouldn't vacate both. We just order one to be merged into another. So, at the end of the day, your client would have one 922G conviction, not two arising out of this case. Is that what you're asking for? Yes, Your Honor. But we do ask they be resentenced. Yeah. Understood. No, you've been very clear on that. Okay. Nothing further, Your Honor. Okay. Very well. We'll take the appeal under advisement with thanks to both parties. And the court will stand in recess for the next five minutes.